NEW JERSEY DEPARTMENT OF LABOR.<br>
WORKMEN'S COMPENSATION BUREAU.

MARY FELSBURG, PETITIONER, v. BUILDERS' SPECIALTY COMPANY, RESPONDENT.

**Strangulated Hernia—Death Resulted From Toxemia Caused by the Hernia—Facts Considered and Statutory Conditions Found Existing.**

On determination of facts, opinion and rule for judgment.

SUMMARY OF FACTS.

The testimony in this case shows that the petitioner's deceased husband was in the employ of the respondent on February 4th, 1925, at a wage of sixty-six dollars ($66) per week, and that previous to the occurrence which brought about his death had been in normal health and had worked

regularly.    On February 4th, 1925, he undertook to illustrate how concrete tamping should be done, and appears to have exerted himself in this demonstration.    He was immediately stricken with severe pain and had to be removed at once.    The following day, about midnight, he was operated upon by Dr. E. S. West at St. Francis Hospital, and the doctor testified that he found a strangulated hernia.    The doctor further testified that the man's death was due to toxemia caused by the strangulated hernia.    This hernia was at the location where this man had been operated upon for appendicitis in 1892 or 1893.    According to the testimony of Dr. West and Dr. Costill, this hernia seems to have developed in the manner in which the ordinary hernia is normally acquired.

### OPINION.

In view of the facts which developed at the trial of this claim, I am of the opinion that, in the absence of any puncturing or tearing of the abdominal wall, this case is to be classified under the second division of paragraph 11(x) of Compensation statute controlling hernia cases.    Where there is no actual tearing of the abdominal wall, compensation can be granted only when the case involves the five distinct elements set forth in the second portion of the above-named clause.    These elements are:—

First, the descent of the hernia shall immediately follow the cause.

Second, there must be severe pain in the hernial region.

Third, there must be such prostration as to compel the employe to cease work immediately.

Fourth, these facts must be conveyed to the employer within twenty-four hours.

Fifth, the physical distress must be such as to require the attendance of a physician within twenty-four hours.

Apparently, this case involved all of the five elements just enumerated, consequently it comes within that class of hernia for which compensation is to be granted.    I am therefore of the opinion that an award must necessarily be made in

favor of the petitioner, the widow of and the only dependent of the decedent, Charles S. Felsburg.

\*　　\*　.　\*　　\*　　\*　　\*　　\*　　\*　　\*

W. E. STUBBS,
*Deputy Commissioner of Compensation.*